UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAYNE ALLEN, JR.,

    Plaintiff,

v.                                    Case No. 8:19-cv-1741-T-CPT

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of his claim for Disability Insurance Benefits (DIB). For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1956, is high school educated, and has past work experience in a number of occupations, including as a supervisor in the insurance sales industry. (R. 218, 251, 262-69). In October 2015, the Plaintiff applied for DIB alleging disability as of April 26, 2014, due to sciatica, hypertension, knee and neck pain, and left arm numbness following shoulder surgery. (R. 218-21, 250). The Social Security Administration (SSA) denied his application both initially and on reconsideration. (R. 93, 115).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on July 9, 2018. (R. 29-50). The Plaintiff was represented by counsel at that hearing and testified on his own behalf. *Id*. A vocational expert (VE) also testified. *Id*.

In a decision dated August 20, 2018, the ALJ found that the Plaintiff: (1) met the insured status requirements through December 31, 2021, and had not engaged in substantial gainful activity since his alleged onset date of April 26, 2014; (2) had the severe impairments of right shoulder numbness, degenerative joint disease, degenerative disc disease with radiculopathy, and osteoarthritis in his bilateral knees; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform sedentary work with some additional postural, manipulative, and environmental limitations;[1] and (5) based on the VE's testimony, could perform his past relevant work as a sales manager, as he actually performed it and as generally performed in the national economy. (R. 15-22). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 22).

The Appeals Council denied the Plaintiff's request for review. (R. 1-6). Accordingly, the ALJ's decision became the final decision of the Commissioner.

---

[1] The ALJ restricted the Plaintiff to, *inter alia*, no crawling or climbing of ladders, ropes, or scaffolds; occasional crouching, stooping, kneeling, or climbing of ramps and stairs; occasional pushing and pulling with his bilateral upper extremities and reaching overhead with his right upper extremity; and frequent balancing, reaching overhead with his left upper extremity, and reaching in all directions with his right upper extremity. (R. 18).

2

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a).[2] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)).[3] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to engage in his past relevant work; and (5) can perform other jobs in the national economy given his RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof

---

[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.
[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

3

through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that he cannot perform the work identified by the Commissioner. *Id*. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether his decision is supported by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin.*, *Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations and quotations omitted). In evaluating whether substantial evidence supports the Commissioner's decision, the Court may not decide the facts anew, make credibility determinations, or re-weigh the evidence. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 860 (11th Cir. 2019) (per curiam) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "[W]hile the court reviews the Commissioner's decision with deference to [his] factual findings, no such deference is given to [his] legal

conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

### III.

The Plaintiff's appeal centers around the ALJ's finding at step four of the sequential evaluation process that the Plaintiff could perform his past relevant work as a sales manager. (Doc. 17). In particular, the Plaintiff argues that the VE testimony upon which the ALJ's step four finding is based is inconsistent with the information contained in the Dictionary of Occupational Titles (DOT)[4] regarding the sales manager position (DOT #163.167-018), and that the VE misclassified the nature of the Plaintiff's past relevant work in any event. *Id.* at 4-7. The Commissioner counters that the Plaintiff's arguments are without merit. *Id.* at 7-15. Upon a thorough review of the record and the parties' submissions, the Court finds no reversible error.

The ALJ's task at step four is to determine whether the claimant has the RFC to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). To do so, an ALJ must examine all of the relevant evidence of record and assess what a claimant can do in a work setting despite any physical or mental restrictions caused by his impairments and related symptoms. *Id.* at § 404.1545(a)(1). The claimant bears the burden at this step to show that the prior occupation the ALJ has identified as the claimant's past relevant work does not qualify as such under the Regulations or, if it does, that the

---

[4] The DOT is "an extensive compendium of data about the various jobs that exist in the United States economy, and includes information about the nature of each type of job and what skills or abilities they require." *Washington*, 906 F.3d at 1357 n.2.

clamant is unable to perform that work. *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991) (per curiam); 20 C.F.R. § 404.1520(a)(4)(iv).

The Regulations define past relevant work as the claimant's past *kind* of work, not the specific job he previously held. *Jackson v. Bowen*, 801 F.2d 1292, 1293 (11th Cir. 1986) (per curiam) (citing 20 C.F.R. §§ 404.1520(e), 416.920(e)). As a result, a claimant must demonstrate that he cannot perform the functional demands and job duties of the same position as generally required by employers in the national economy. *Smith v. Comm'r of Soc. Sec.*, 743 F. App'x 951, 954 (11th Cir. 2018) (per curiam) (citing *Jackson*, 801 F.2d at 1293-94).

While the claimant bears the burden of making this showing, the ALJ has a concomitant duty to develop a full and fair record regarding the physical requirements and responsibilities of a claimant's past work. *See Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010) (per curiam) (quoting *Schnorr v. Bowen,* 816 F.2d 578 (11th Cir. 1987)); *Nelms v. Bowen*, 803 F.2d 1164 (11th Cir. 1986). The Regulations provide that the ALJ may use a VE in making this determination because such experts are qualified to "'offer relevant evidence within [their] expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy.'" *Hennes v. Comm'r of Soc. Sec. Admin.*, 130 F. App'x 343, 346 (11th Cir. 2005) (per curiam) (quoting 20 C.F.R. § 404.1560(b)(2)).

Where an ALJ elects to elicit testimony from a VE, the ALJ "has an affirmative obligation to identify any 'apparent' conflict [between the VE's testimony and the

DOT] and to resolve it." *Washington*, 906 F.3d at 1362 (citing Social Security Ruling (SSR) 00-4p, 2000 WL 1898704 (S.S.A. Dec. 4, 2000)). An "apparent conflict" is "more than just a conflict that is made apparent by the express testimony of the VE." *Id*. at 1365. Instead, "[a]t a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Id*. "Apparent" in this context is "taken to mean apparent to an ALJ who has ready access to and a close familiarity with the DOT." *Id*. at 1366. The ALJ's duty to take notice of and resolve apparent conflicts exists both during and after the hearing and does not depend on whether they are raised by a party. *Id*. at 1363. "The failure to properly discharge this duty means the ALJ's decision is not supported by substantial evidence." *Id*. at 1362.

Here, as noted above, the Plaintiff asserts that the VE's testimony is inconsistent with the DOT's description of the sales manager position, and that the ALJ was thus required to reconcile this discrepancy. (Doc. 17 at 4). This argument fails.

At the hearing, the ALJ posed a hypothetical question to the VE as to whether an individual, like the Plaintiff, who is capable of sedentary work with the additional limitations outlined in the ALJ's RFC finding could perform the Plaintiff's past relevant work. (R. 48). The VE answered in the affirmative with respect to the Plaintiff's past job as sales manager (both as the Plaintiff engaged in it and as generally performed) and noted that her testimony was consistent with the DOT. *Id*. The VE added, however, that she relied on her "expertise and experience" in assessing the

amount of overhead reaching required of a sales manager because that particular restriction was not covered by the DOT. *Id.*

The Plaintiff does not quarrel with the overhead reaching limitation included in the ALJ's RFC finding, and points to no discrepancy between the RFC that the ALJ posed to the VE and the requirements outlined in the DOT's job description of the sales manager position. *See* DOT #163.167-018, 1991 WL 647311 (G.P.O. 4th ed., rev. 1991) (categorizing sales manager as sedentary work with no postural or environmental requirements and necessitating only occasional reaching). Nor does the Court's independent review of the DOT's sales manager classification reveal any apparent conflict mandating remand. *See id.*

Perhaps recognizing this flaw in his argument, the Plaintiff alternatively contends that the VE misclassified his prior job as that of a "sales manager," asserting "there is no evidence whatsoever that [he] performed any of the" tasks set forth in the DOT listing for that job. (Doc. 17 at 5-7). This contention is also unavailing.

In his work history report submitted to the SSA, the Plaintiff identified his past relevant work as "a sales manager of an insurance company." (R. 264). He also advised that he worked at this position eight hours per day, that he would walk, stand, and sit "8+" hours in combination, that he frequently lifted ten pounds, that he wrote, typed, and completed reports, that he handled small objects, and that he supervised five to eight people one-third of the time. (R. 264).

At the ALJ hearing, the Plaintiff offered testimony about his former job, stating that he was "an insurance agent, a double agent." (R. 33). When asked by the ALJ

about his administrative filings describing his previous employment, the Plaintiff stated that he managed, trained, and supervised others, that he made hiring and firing recommendations, and that he set schedules. (R. 33-34). Based on the Plaintiff's filings and his testimony, the VE classified the Plaintiff's past relevant work as that of a "sales manager." (R. 35).

Upon questioning by his counsel, the Plaintiff testified that he also did a lot of long-term driving at his insurance job, that he was in and out of his vehicle, and that he walked to meet both his clients and his staff. (R. 36). Plaintiff's attorney then asked the VE if the Plaintiff's characterization of his previous occupation was "consistent" with the job the VE had described, and the VE testified, "It doesn't sound like he lifted any more than sedentary." (R. 36). Plaintiff's counsel did not raise any objection at the hearing to the VE's classification of the Plaintiff's prior work.

Nonetheless, the Plaintiff now appears to claim that his past work is more appropriately described as that of an insurance sales agent (DOT # 250.257-010). The Plaintiff makes no showing, however, that the ALJ did not develop the record as to the physical requirements, demands, and duties of the Plaintiff's former job as he actually performed it. *See Waldrop*, 379 F. App'x at 953. Nor does he demonstrate that the ALJ's characterization of the Plaintiff's past work based upon his administrative filings, his hearing testimony, and the VE's assessment is unsupported by substantial evidence. As a result, the Court is unpersuaded by the Plaintiff's contention that the ALJ (or the VE) misclassified the Plaintiff's prior work in the insurance sales industry. It is, after all, not the function of the Court to re-weigh the

evidence upon review. *Gray v. Comm'r of Soc. Sec.*, 2018 WL 3805866, at *4 (M.D. Fla. Aug. 18, 2018) (quoting *Moore*, 405 F.3d at 1213); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam). Instead, the Court must analyze whether the ALJ relied on substantial evidence and applied the proper legal standards. After conducting its review, the Court finds that the ALJ has done just that, and the Plaintiff fails to show otherwise. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) ("If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it.") (quoting *Phillips*, 357 F.3d at 1240 n.8).

The Plaintiff's final argument—made in summary fashion—is that the ALJ erred by not deeming the Plaintiff's prior insurance position to be a "composite job." (Doc. 17 at 7). In support of this argument, the Plaintiff asserts that, even assuming he worked as a sales manager, he also performed the duties of an insurance salesman. *Id*. This argument likewise fails.

To begin, as noted above, Plaintiff's counsel did not object at the hearing to the classification of his past relevant work as that of a sales manager. Regardless, the SSA defines a composite job as one "that has 'significant elements of two or more occupations and, as such, [has] no counterpart in the DOT.'" *Smith*, 743 F. App'x at 954 (quoting SSR 82-61 at *2). Past relevant work may qualify as a composite job under this definition "'if it takes multiple DOT occupations to locate the main duties of the [past relevant work] as described by the claimant.'" *Id.* (quoting Program Operations Manual System DI 25005.020).

Here, even accepting as true that the Plaintiff carried out of the responsibilities of an insurance salesman, the Plaintiff does not explain why those additional duties made up a "significant" portion of his prior job as a sales manager. Thus, the Court finds no reversible error in the ALJ's findings with respect to the Plaintiff's past relevant work.

IV.

For the foregoing reasons, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

2. The Clerk is directed to enter Judgment in the Defendant's favor and to close the case.

DONE and ORDERED in Tampa, Florida, this 15th day of September 2020.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record